# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

ANTOINE TEAR GILES,       )
                               )
             Petitioner,     )
                               )
             v.           )      1:05CV909
                               )      1:04CR184-1
UNITED STATES OF AMERICA,   )
                               )
             Respondent.   )

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner Antoine Tear Giles, a federal prisoner, has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (Docket no. 1)[1] Respondent has responded to the motion. (Docket no. 3) Petitioner has filed a reply brief in the form of an affidavit from his jailhouse lawyer, (docket no. 7), and the matter is now ready for ruling.

Petitioner pled guilty to possessing crack cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1). (Docket nos. 1, 12 (criminal case)) The court sentenced him to 160 months in prison. (Id. docket no. 20) Petitioner did not appeal. He then filed this section 2255 motion. He claims that his plea agreement is void and unconstitutional because it contained a waiver of his right to appeal. Petitioner also states that there is no mental competency report in the record, that he did not understand the waiver, that only the court of appeals can authorize such

_____

[1] This and further citations to the record will be to the civil case unless otherwise noted.

a waiver, and that there is a lack of evidence that the waiver was intelligently made.

## DISCUSSION

Section 5(e) of Petitioner's plea agreement states that he waives "the right to appeal the conviction and whatever sentence is imposed on any ground," including the right to contest the sentence or conviction in any post-conviction proceeding except the right to appeal based on ineffective assistance of counsel, prosecutorial misconduct not known at time of plea, a sentence in excess of the statutory maximum, and a sentence based on an unconstitutional factor. (Docket no. 12 at 4-5 (criminal case))  Obviously, Petitioner and his counsel signed the plea agreement. (Id. at 6)

The transcript of Petitioner's plea proceeding, (id. docket no. 23), shows that Petitioner told the court that his attorney had done everything he wished for him to do in his case. (Id. at 5)  He had gone to the eighth grade in school and was able to read and understand both his indictment and plea agreement. (Id. at 6)  After counsel reviewed the plea agreement with Petitioner, he understood it better. (Id.)  The court specifically noted that, in the agreement, Petitioner was giving up his "right to appeal or to contest the conviction in any way" except for the exceptions noted above. (Id. at 8)  Petitioner agreed that this was a fair summary of the plea agreement. (Id.)  Petitioner said that there was not anything about the plea proceeding that he did not understand. (Id. at 13)  The court found that Petitioner wilfully, knowingly and intentionally entered his plea. (Id. at 15)

-2-

These representations made by Petitioner are binding upon him in this proceeding unless he gives good reason why they should not bind him.  Blackledge v. Allison, 431 U.S. 63, 74 (1977).

Petitioner has failed to give any good reason why these statements should not bind him.  The statements show that Petitioner entered his plea knowingly and voluntarily.  Petitioner has not provided any authority for his suggestion that there should have been a "mental competency report" completed before he pled guilty. The plea proceeding transcript shows that Petitioner could read and understand the plea agreement on his own, but that counsel reviewed the agreement with Petitioner and bolstered his understanding.  Petitioner's unsupported and conclusory allegation that he did not understand the agreement and waiver provision is belied by the transcript.  Petitioner's contention that there is a lack of evidence that the waiver was intelligently made must be rejected.

There is also no question that Petitioner could legally waive his appeal rights in this court.  The right to appeal is statutory in nature and not based on the Constitution.  Abney v. United States, 431 U.S. 651, 656 (1977); United States v. Marin, 961 F.2d 493, 495-96 (4th Cir. 1992); United States v. Wiggins, 905 F.2d 51, 53 (4th Cir. 1990).  The Fourth Circuit enforces such waivers made in the district court as long as they are knowing and voluntary.  Marin, 961 F.2d at 496.  The written plea agreement and transcript of the plea proceeding are sufficient to make this showing.  Here, the record shows that Petitioner knowingly and voluntarily

entered into this plea agreement which contained the appeal waiver provision. Petitioner also speaks in his brief of his right to counsel on appeal, but this right was waived when Petitioner waived the right to the appeal itself. The right to counsel, of course, may also be waived.

**IT IS THEREFORE RECOMMENDED** that Petitioner's motion to vacate, set aside or correct sentence (docket no. 1) be **DENIED** and that Judgment be entered dismissing this action.

Wallace W. Dixon
United States Magistrate Judge

Durham, N.C.
February 27, 2006